Case 2:12-cr-00908 Document 47 Filed on 06/25/20 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-00908-1 |
| | § | |
| ERIC JERMAINE MOSS | § | |

## ORDER

Before the Court is Defendant Eric Jermaine Moss's ("Moss") letter motion for reduction of his supervised release and reinstatement of his Class A commercial driver's license. (D.E. 46). For the reasons discussed below, the Court **DENIES** the petition for reduction of supervised release due to his extensive criminal history and crime of conviction in consideration of the interests of justice. Moreover, the Court **DENIES** his request for reinstatement of his driver's license for lack of jurisdiction.

### I. JURISDICTION

With regard to Moss's petition for a reduction to his supervised release, the Court has jurisdiction pursuant to 18 U.S.C. § 1331.

### II. FACTUAL AND PROCEDURAL HISTORY

On October 17th, 2012, Moss was arrested after officers found approximately 253.5 kilograms of marijuana in his tractor-trailer during a traffic stop. (D.E. 1). Four months later, on December 20th, 2012, he pleaded guilty to possession with intent to distribute 224.77 kilograms of marijuana in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(B). (D.E. 22). On February 27th, 2013, Moss was then sentenced to 85 months imprisonment and five years supervised release with the judgment filed on the docket the next day. *Id.* Moss subsequently appealed and the Fifth Circuit dismissed his petition as frivolous. (D.E. 24; D.E. 37).

On February 18th, 2015, the Court issued an order reducing his sentence to 69 months imprisonment pursuant to 18 U.S.C. §3582 based on a guideline sentencing range that has been lowered and made retroactive. (D.E. 42). On October 2017, he was released from incarceration and has since remained in supervised release.

On June 22nd, 2020, his letter motion petitioning this Court to reduce his supervised release and to reinstate his Class A commercial driver's license was docketed.

### III. LEGAL STANDARD

18 U.S.C. § 3583(E)(1) provides that the Court may terminate supervised release "at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(E)(1). "[T]he statute confers broad discretion" to the district court in its review of such a petition. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

### IV. DISCUSSION

Here, Moss states that he has learned from his incarceration; is extremely remorseful of his past criminal actions; and desires to continue his life towards the right direction. (D.E. 46). The Court, however, finds that in consideration of the interests of justice, the terms of Moss's supervised release shall remain due to his extensive criminal history and crime of conviction. *See Jeanes,* 150 F.3d at 485 (Fifth Circuit affirming district court's decision to deny reduction of supervised release given district court's consideration of criminal deterrence principles and protection of the public, among other factors); *United States v. Hanzy,* 802 F. App'x 850, 851–52 (5th Cir. 2020) (Fifth Circuit affirming district court's decision to deny petition for supervised release reduction because the district court considered defendant's extensive criminal history through a citation to prior case with similar ruling, among other reasons); *United States v.*

*Lutcher*, No. CR 03-338, 2019 WL 3006414, at *4 (E.D. La. July 10, 2019) (district court denied reduced supervised release petition given concerns regarding defendant's extensive criminal history prior to his arrest and incarceration).

The Presentence Investigation Report ("PSR") shows that Moss has been convicted of numerous crimes since he was 17 years old. His prior convictions range from distribution of marijuana; two simple batteries and to giving a false name to a police officer; possession of cocaine with intent to distribute and obstruction; driving under the influence; driving while license suspended or revoked; criminal trespass; first degree forgery and identity fraud; and abandonment and non-support of his children. (D.E. 17, pp.5-11). At sentencing, Moss acknowledged that he reviewed the PSR with counsel who answered all his questions; was satisfied with counsel's advice and efforts; and there were no mistakes other than his age in paragraph 24. (D.E. 31, pp.4-6). Given this history, it is in the interest of justice that supervised release shall remain in consideration of deterrence of future criminal conduct and for the safety of the community. As the Fifth Circuit notes, "rather than being punitive, supervised release is intended to facilitate the integration of the violator into the community, while providing the supervision designed to limit further conduct." *Jeanes,* 150 F.3d at 485 *quoting United States v. Joseph*, 109 F.3d 34, 38-39 (1st Cir. 1997) (internal citations omitted).

With regard to Moss's petition for his driver's license to be reinstated, the Court has no jurisdiction to review such claims since driver's licenses are under the purview of the state's police powers. *See Printz v. United States*, 521 U.S. 898, 928 (1997) ("It is an essential attribute of the States' retained sovereignty that they remain independent and autonomous within their proper sphere of authority."); *United States v. Thurman*, 316 F. App'x 599, 602 (9th Cir. 2009) (9th Circuit holding that federal courts do not have authority to suspend or reinstate driver

licenses); Jacqueline A. Miller, *Constitutional Law-the Real Id Act : Violating Massachusetts Residents' Right to Travel and the Tenth Amendment*, 38 W. New Eng. L. Rev. 127, 128 (2016). ("Historically, the federal government has viewed all state drivers' licenses equally and has not threatened to disturb the states' power in that area."). As such, Moss's petition for his driver's license to be reinstated is denied.

## IV. CONCLUSION

For the foregoing reasons, Moss's letter motion for a reduction of his supervised release and reinstatement of his driver's license is DENIED.

SIGNED and ORDERED this 25th day of June, 2020.

                                                Janis Graham Jack
                                      Senior United States District Judge